UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD CHARLES BOSTIC, JR.,

        Petitioner,

-vs-                              Case No. 8:05-cv-1202-T-24TGW

JAMES V. CROSBY, JR.,

        Respondent.
_____/

**ORDER**

This cause is before the Court on Petitioner's Motion for Reconsideration filed in this Court on November 17, 2005. (Doc. No. 19). Petitioner seeks reconsideration of this Court's order (Doc. No. 18) denying his motion to have Respondent provide him a copy of the complete record. (Doc. No. 17).

In the motion for reconsideration, Petitioner cites Fla. R. Civ. P. 5(a), and 28 U.S.C. § 2254(f) and (g) in support of his argument that he is entitled to a copy of the state court record at no cost. Title 28 U.S.C. § 2254(f) provides as follows:

> (f) If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.

28 U.S.C. § 2254(f).

Petitioner's state convictions are the result of nolo contendere pleas and there was no direct appeal. A review of the exhibits attached to Respondent's response reflects that Petitioner was acting pro se in the numerous collateral proceedings, and was served with copies of all orders, including exhibits attached thereto, and consequently should have in his possession copies of all documents provided by Respondent to this Court.

Moreover, Petitioner can obtain many documents, such as the judgment and sentence, from the state trial court free of charge. In this instance, despite his indigency, Petitioner is not entitled to copies of the exhibits submitted by Respondent because he has neither alleged nor shown that he does not already possess, or is unable to obtain at no cost, the pertinent parts of the state court record.

In addition, Petitioner has neither alleged nor shown how the failure to provide copies of the exhibits has prejudiced him or hampered his ability to file the petition for writ of habeas corpus or a reply to the State's response. See, e.g., Smith v. Beto, 472 F.2d 164, 165 (5th Cir. 1973) (there is no constitutional mandate that a habeas petitioner must be provided a free copy of his state-court criminal trial record).

Accordingly, the Court orders:

That Petitioner's motion for reconsideration (Doc. No. 19) is denied.

ORDERED in Tampa, Florida, on November 23, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Edward Charles Bostic, Jr.