IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

8:05- CV-1202-T-24TGW

No. 05-17034-J

MAR 2 7 2006

Dist. Ct. Docket No. 05-01202-CV-T-24-TGW

IN RE:

EDWARD CHARLES BOSTIC, JR.,

Petitioner.

On Petition for Writ of Mandamus
to the United States District Court for the
Middle District of Florida

**BEFORE:** TJOFLAT and DUBINA, Circuit Judges.

Edward Charles Bostic, Jr., a Florida state prisoner proceeding pro se, moves for reconsideration of this Court's January 30, 2006 order denying him leave to file a mandamus petition in forma pauperis. A party seeking rehearing or reconsideration must specifically allege any point of law or fact that this Court overlooked or misapprehended. See Fed.R.App.P. 40. In his motion for reconsideration, Bostic merely alleges that we overlooked a number of the claims raised in his mandamus petition. Contrary to Bostic's assertion, however, we considered all of the claims raised in his mandamus petition, but concluded that none of these claims entitled him to mandamus relief. Because Bostic has failed to establish that this Court overlooked or misapprehended any point of fact or law, his motion for reconsideration is **DENIED**. Bostic also has filed several additional motions. We conclude, however, that none of these additional

motions establish that Bostic is entitled to relief.

First, as to his motion entitled "request for order to permit copies of the record," Bostic requests that this Court order the officials at his prison to make copies of the record for him. This Court is without jurisdiction, however, to order the prison officials to produce copies for Bostic. "The traditional use of the writ in aid of appellate jurisdiction . . . has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943); see also Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973) (noting that "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought"). Accordingly, this motion is **DENIED**.

Second, as to his motion entitled "notice of obstruction of petitioner's obligation," Bostic appears to be requesting that this Court either (1) order the state to produce copies of the record for him; or (2) order to district court to grant his motions for a complete copy of the record. As discussed above, this Court lacks jurisdiction to order the state to produce copies of the record. See Roche, 319 U.S. at 26, 63 S.Ct. at 941; Moye, 474 F.2d at 1276. To the extent that Bostic is challenging the district court's denial of his motions for a complete copy of the record, he is not entitled to mandamus relief because he has an adequate alternative remedy in that he can appeal the district court's orders denying such requests once a final judgment on his habeas petition has been entered. See Club Car, Inc. v. Club Car (Quebec) Import, Inc., 362 F.3d 775, 785 n.5 (11th Cir.), cert. denied, 125 S.Ct. 618 (2004) (noting that an appeal from a final judgment allows for review of all preceding non-final orders). Accordingly, this motion is **DENIED**.

Finally, as to his motion entitled "clarification request," Bostic attempts to clarify his claims by providing "pinpoint citations" to exhibits which he claims are attached, but there are no exhibits attached. Accordingly, this motion is **DENIED**. The Clerk is **DIRECTED** to close this case.

# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

March 27, 2006

Sheryl L. Loesch
Clerk, U.S. District Court
801 N FLORIDA AVE RM 220
TAMPA  FL  33602-3849

**Appeal Number: 05-17034-J**
Case Style: In Re: Edward Charles Bostic, Jr.
District Court Number:  05-01202 CV-T-24-TGW

The enclosed certified copy of this Court's Order of Dismissal is issued as the mandate of this court.

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Deborah Hall (404) 335-6189

Encl.

DIS-4  (3-2005)