UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD CHARLES BOSTIC, JR.,

                  Petitioner,

-vs-                                    Case No.  8:05-cv-1202-T-24TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS,

                  Respondent.

_____/

## ORDER

This cause is before the Court on Petitioner Edward Charles Bostic, Jr.'s 28 U.S.C. § 2254 petition for writ of habeas corpus. Bostic challenges his convictions and sentences for grand theft of a motor vehicle, grand theft of a firearm, grand theft, opposing or obstructing an officer without violence, possession of cocaine, escape from police custody, and obstructing or opposing an officer with violence, entered by the Circuit Court for the Thirteen Judicial Circuit, Hillsborough County, Florida, in Case Nos. 92-3001, 92-3003, 92-3004, and 98-04901.

Bostic raises one claim in his petition: the state trial court lacked jurisdiction to try or sentence him because he was not legally charged with a crime in the 1998 case, and the charging documents in the 1992 cases were defective.

A review of the record demonstrates that the petition must be **DISMISSED** because the petition is untimely and because the petition raises only a state law claim for relief.

PROCEDURAL HISTORY

<u>1992 Cases</u>

On February 24, 1992, in Case Nos. 92-3001, 92-3003, and 92-3004, the State filed three separate Informations charging Bostic with various crimes.[1] (Composite Exhibit 1). On June 10, 1992, Bostic appeared before the state trial court and entered an open guilty plea to the charges in all cases. (Exhibit 2). In Case No. 92-3001, the state trial court imposed concurrent sentences of five years probation for Grand Theft Motor Vehicle (four counts), Grand Theft Firearm, and Obstructing or Opposing an Officer Without Violence. In Case No. 92-3003, the state trial court sentenced Bostic to five years probation for possession of cocaine. In Case No. 92-3004, the state trial court sentenced Bostic to ten years in prison on the escape from police custody charge (Count I), and five years probation on the obstructing an officer with violence charge (Count III). Count III was to run consecutive to count I, and the sentence in Case No. 92-3001 was to run consecutive to Count I, but concurrent with Count III. Bostic did not pursue a direct appeal of the 1992 sentences.

<u>Revocation of Probation</u>

On August 27, 1998, Bostic admitted to violating his probation in all cases. (Exhibit 3). The state trial court revoked his probation and imposed the following sentences (Composite Exhibit 4):

> Case No. 92-3001: Five years imprisonment on each count, to run consecutive, on Counts I through V, time served on Count VI;

---

[1]1Bostic was also charged with robbery in Case No. 92-3002. That charge was reduced to battery, and Bostic received a sentence of time-served. (Exhibit 2 at p. 14). The conviction in that case is not being challenged in this federal proceeding.

Case No. 92-3003: Two years imprisonment consecutive to Case No. 92-3001;

Case No. 92-3004: Fifteen years imprisonment on Count I, consecutive to five years imprisonment on Count III, consecutive to Case No. 92-3003 and concurrent with Case No. 98-4901.

Rule 3.850 Motion for Postconviction Relief

Bostic did not appeal the revocation of probation or imposition of sentence upon revocation. On August 18, 2000, he filed a Motion for Postconviction Relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 5). Bostic filed an amended motion on October 20, 2000. (Exhibit 6). In his motions, Bostic alleged that the state trial court failed to inform Bostic that the period of incarceration specified in the plea agreement would be followed by a period of probation; that counsel never informed him that the plea agreement warranted a probationary term, nor was probation ever mentioned in the sentencing transcript or the written plea agreement. Bostic also claimed that if it were the state trial court's intent that Bostic's prison term be followed by a probationary term, then Bostic should be resentenced within the terms of the plea agreement or allowed to withdraw his plea. On April 30, 2001, the state trial court entered a written order denying both motions for postconviction relief. (Exhibit 7). The state trial court found the plea was made open to the court, without a plea agreement of any kind, and the sentence was within the range of the applicable guidelines; therefore, no relief was warranted.

Bostic appealed the order denying rule 3.850 relief. On August 1, 2001, in Case No. 2D01-2688, the state district court of appeal per curiam affirmed the denial of postconviction relief. (Exhibit 8). Bostic v. State, 798 So. 2d  731 (Fla. 2d DCA 2001)[Table]. The mandate  issued September 5, 2001. (Exhibit 9).

-3-

Rule 3.800(a) Motion to Correct Illegal Sentence

On December 9, 2002, Bostic filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Exhibit 10). On January 6, 2003, the state trial court issued denied the motion to correct sentence. (Exhibit 11). Bostic appealed. On June 25, 2003, Bostic filed a motion to voluntarily dismiss the appeal. (Exhibit 12). On July 3, 2003, in Case No. 2D03-1267, the state district court of appeal granted Bostic's motion and dismissed the appeal. (Exhibit 13). Bostic v. State, 851 So. 2d 157 (Fla. 2d DCA 2003)[Table].

Second Motion to Correct Illegal Sentence

On September 28, 2003, Bostic filed a second motion to correct illegal sentence. (Exhibit 14).  On January 12, 2004, the state trial court denied the motion in part, and directed the State to respond to Bostic's allegation that the sentencing court failed to award credit for time served in prison in the three 1992 cases. (Exhibit 15). The State filed its response on January 28, 2004. (Exhibit 16). On February 23, 2004, the state trial court filed a written order granting relief in part by allowing additional days of jail credit in each of the three 1992 cases. However, the state trial court denied Bostic's request for prison credit. (Exhibit 17). Bostic appealed the denial of relief as to the prison credit, and filed an initial pro se brief on or about March 24, 2004. (Exhibit 18). On October 8, 2004, in Case No. 2D04-1456, the state district court of appeal per curiam affirmed the trial court's partial denial of the rule 3.800 motion. (Exhibit 19). Bostic v. State, 888 So. 2d 28 (Fla. 2d DCA 2004)[Table]. The  mandate issued November 9, 2004. (Exhibit 20).

### State Petition for Writ of Habeas Corpus

On August 3, 2004, prior to the finality of the aforementioned appeal, Bostic filed in the state district court of appeal a pleading entitled, "Additional Ground on Appeal or Petition for Writ of Habeas Corpus." (Exhibit 21). Bostic alleged the state trial court lacked jurisdiction to impose sentence upon revocation of probation because the 1992 affidavit of Officer Cochran, upon which the Informations were based, failed to include essential elements of the charged felonies. The state district court of appeal transferred the petition to the state trial court. (Exhibit 22). As to the transfer, Bostic filed a motion for rehearing on October 7, 2004 (Exhibit 23), which the state district court of appeal denied on October 15, 2004. For further proceedings on this transferred petition, see "All Cases" below.

### 1998 Case

In Case No. 98-4901, Bostic was found guilty by a jury of aggravated battery with a deadly weapon on July 15, 1998. (Exhibit 24). On August 27, 1998, the state trial court sentenced him as a Prison Releasee Reoffender to fifteen years in prison, with a fifteen year mandatory minimum sentence. (Exhibit 25). Bostic did not file a direct appeal of his conviction and sentence.

### Rule 3.850 Motion for Postconviction Relief

On May 15, 2000, Bostic filed a rule 3.850 motion for postconviction relief. (Exhibit 26). He filed a supplemental motion for postconviction relief on August 4, 2000 (Exhibit 27), an amended motion for postconviction relief on September 15, 2000 (Exhibit 28), and two additional amended motions on September 18 and October 9, 2000. (Exhibit 29). On September 22, 2001, the state trial court summarily denied all eleven grounds raised in the

various postconviction motions. (Exhibit 30). The state trial court made the following findings and conclusions regarding grounds four and nine of the rule 3.850 motion, which are relevant to the claim raised in the present federal petition:

> In ground 4, Defendant alleges that he was arrested on April 1, 1998 and the State failed to file formal charges against him beyond the forty (40) days set forth in Florida Rules of Criminal Procedure Rule 3.134. Upon review of the record, the Court notes that the Defendant was arrested in case 98-04901 on April 1, 1998. (See Criminal Report Affidavit, attached). The Court also notes that formal charges were filed against the Defendant on April 20, 1998. (See Information, attached). Consequently, Defendant's allegations that charges were not filed until forty (40) days after being arrested, are incorrect. As such, Defendant is not entitled to relief on ground 4.
>
> . . . .
>
> In ground 9, Defendant alleges Florida Constitution Art. 1 s. 15(a) asserts in part that "no person shall be tried for a capital crime without presentment or indictment by a grand jury, or for other felony without such presentment or an information under oath by the prosecuting officer of the court." Specifically, Defendant argues that the charging document was not under oath and the trial judge erroneously denied the Defendant's motion to dismiss due to this fact. However, Defendant's assertions are incorrect. The Information was signed, under oath, by an Assistant State attorney. (See Information, attached). As such, Defendant is not entitled to relief on ground 9.

(Exhibit 30 at pp. 4 & 6). Bostic did not appeal the denial of the motions for postconviction relief, despite the statement in the state trial court's written order that Bostic had thirty days to do so.

<u>Rule 3.800(a) Motion to Correct Illegal Sentence</u>

Next, Bostic filed a pro se motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure, on December 30, 2002. (Exhibit 31). The state trial court summarily denied the motion on March 6, 2003. (Exhibit 32). Bostic

appealed the adverse ruling. (Exhibit 33). Bostic filed a pro se brief in support of the appeal in appellate Case No. 2D03-1705. (Exhibit 34). On June 30, Bostic filed a notice of voluntary dismissal, and the state district court of appeal granted the motion and dismissed the case on July 3, 2003. (Exhibit 35; Case Docket). Bostic v. State, 851 So. 2d 157 (Fla. 2d DCA  2003)[Table].

Additional Postconviction Proceedings in the 1998 Case

In May and June 2004, Bostic filed several postconviction motions or pleadings relating to Case No. 98-4901, including his Petitions For Writ of Habeas Corpus filed on May 8, 2004 and June 24, 2004, (Exhibits 36 & 37), a Motion To Correct Illegal Sentence filed on May 10, 2004 (Exhibit 38), and a Motion for Post Conviction Relief filed on May 8, 2004 (Exhibit 39). In an order dated September 20, 2004, the state trial court summarily denied the petitions for writ of habeas corpus, motion to correct illegal sentence, and motion for postconviction relief. (Exhibit 40).

Pertinent to this federal proceeding, the state trial court denied as meritless Bostic's claim that the trial court lacked jurisdiction to enter the judgment and impose sentence in Case No. 98-4901:

> In his Petitions For Writ of Habeas Corpus, Motion To Correct Illegal Sentence, and Motion For Post Conviction Relief, Defendant claims that the Court lacked jurisdiction to enter the judgment and the fifteen (15) year minimum mandatory prison sentence for aggravated battery in case 98-4901 due to the fact that an information was never filed on the aggravated battery charge. Consequently, Defendant claims he was denied due process and the Court is precluded from filing the information at this time because the statute of limitations has run on the charge.
>
> However, a review of the record reflects that an information was filed on the aggravated battery charge in case 98-4901. (See Information, attached). Since the information was filed, no relief is warranted.

-7-

(Exhibit 40 at p. 1).

On December 13, 2004, Bostic filed a notice of appeal from the September 20, 2004, order denying postconviction relief in Case No. 98-4901. (Exhibit 41). A review of the state court records demonstrates that the September 20, 2004 order denying relief was included in the appeal from the later order denying postconviction relief on October 4, 2004. That appeal was dismissed pursuant to Bostic's notice of voluntary dismissal in appellate case number 2D04-5265. (See the following procedural history under "All Cases.")

All Cases

During June and July, 2004, Bostic filed the following series of postconviction motions and petitions relating to the 1992 and 1998 cases: Defendant's Motion To Correct Illegal Sentence filed on June 7, 2004;  Defendant's Motion To Vacate Judgement filed on June 17, 2004; Defendant's Motion To Edit filed on June 24, 2004; Defendant's Motion To Consolidate 3.850 Motions To Vacate Judgments For Joint Hearing filed on June 25, 2004; Defendant's Motion To Dismiss the rule 3.850 motion, filed on July 26, 2004; Defendant's Motion for Post Conviction Relief filed on August 4, 2004; Defendant's Additional Ground on Appeal or Petition For Writ of Habeas Corpus filed on August 6, 2004; and Defendant's Motion To Dismiss Habeas Corpus Treated as 3.850 Motion, filed on September 9, 2004. (Exhibit 42, consolidated).

On October 4, 2004, the state trial court issued a written order summarily denying all motions except Defendant's Motion To Edit, Defendant's Motion To Withdraw Motion To Dismiss, and Defendant's Motion To Dismiss Habeas Corpus Treated as 3.850 Motion,

which the court granted. In addition, the court dismissed Defendant's Motion To Dismiss and Defendant's Additional Ground on Appeal or Petition for Writ of Habeas Corpus. (Exhibit 43).

In his motion for postconviction relief pertaining to Case Nos. 92-3001 and 92-3004, Bostic alleged that upon revocation of probation; the state trial court lacked jurisdiction and was precluded from imposing any sentence because Bostic was never charged with felony informations in those cases. The state trial court denied this claim on procedural grounds, finding that the postconviction motion was procedurally barred as successive. (Exhibit 43 at pp. 5-6). The court referred to the previously filed motion and amended motions for postconviction relief filed in August and October, 2000, and the court's May 2, 2001, order denying both motions. Because Bostic failed to allege or demonstrate that the asserted grounds were not known and could not have been known to Bostic at the time the initial motion was filed or show justification for failing to raise the asserted grounds in the first motion. (Exhibit 43 at p. 6).

Bostic appealed the court's October 4, 2004 order denying relief. (Exhibit 44). On January 19, 2005, Bostic filed in the state district court of appeal a "Notice and/or Motion for Voluntary Dismissal." (Exhibit 45). On January 6, 2005, in Case No. 2D04-5265, the state district court of appeal dismissed the appeal. (Exhibit 46). Bostic v. State, 892 So. 2d 1022 (Fla. 2d DCA 2005)[Table].

<u>Petition for Writ of Habeas Corpus in the Florida Supreme Court</u>

On March 25, 2005, Bostic filed a pro se Petition for Writ of Habeas Corpus in the Florida Supreme Court, challenging his convictions in the 1992 and 1998 cases. (Exhibit

47). Bostic again challenged the state trial court's jurisdiction to enter judgment and impose sentence because no charging documents were filed in those cases. Bostic later filed a notice of dismissal. On August 24, 2005, in Case No. SC05-553, the Florida Supreme Court dismissed the petition for writ of habeas corpus. (Exhibit 48).

## THE PRESENT PETITION

The federal petition was signed by Bostic and delivered to prison officials for mailing on June 23, 2005. (Doc. No. 1). Bostic raises one ground for relief, claiming the state trial court lacked jurisdiction to enter judgment or impose the sentences in the 1992 and 1998 cases because no formal charging documents were filed against him. Bostic is not entitled to relief from this Court for several reasons. First, the petition is untimely pursuant to 28 U.S.C. § 2244(d). Second, the claim is procedurally barred for failure to raise a federal constitutional issue, or for failure to meet the threshold requirements for entitlement to habeas corpus relief pursuant to 28 U.S.C. 2254(d) and (e).

## THE PETITION IS UNTIMELY

Bostic's petition is untimely pursuant to 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. In this case, because Bostic did not pursue a direct appeal following his conviction in the 1998 case, or following the imposition of sentence upon revocation of probation in the 1992 cases, his convictions became final on **September 26, 1998**, thirty days after his sentencing in all cases on **August 27, 1998**. See Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988)(holding that when

a defendant does not appeal his conviction or sentence, the judgment and sentence become final when the 30-day time period for filing an appeal expires). Therefore, absent any tolling, the federal petition should have been filed on or before **September 25, 1999**.

Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In the 1992 cases, Bostic did not file his Rule 3.850 Motion for Postconviction Relief until **August 18, 2000**, almost a full year after the limitations period had already expired. (Composite Exhibit 49; Circuit Court Case Progress Dockets in 1992 cases, at p. 4). Therefore, the Rule 3.850 motion, even if properly filed, does not toll the federal one year period because that period had already expired by the time the motion was filed. See Tinker v. Moore, 255 F.3d 1331 (11th Cir. 2001), where the Eleventh Circuit, quoting Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000), held that a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." 255 F.3d  at 1333. The same is true of the 1998 aggravated battery case. Bostic did not file his rule 3.850 motion for postconviction relief in that case until **May 15, 2000**, almost eight months beyond the expiration of the statutory one-year period. (Exhibit 50; Circuit Court Case Progress Docket in Case No. 98-4901, at p. 6).

Moreover, Bostic has not argued that he is entitled to equitable tolling and not demonstrated any exceptional circumstances that would entitle him to equitable tolling. Section 2244(d) permits equitable tolling when a movant untimely files because of

extraordinary circumstances that are both beyond his control and unavoidable with diligence. <u>Steed v. Head</u>, 219 F.3d 1298 (11th Cir. 2000); <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999). Because it is "an extraordinary remedy," <u>Steed</u>, 219 F.3d at 1300, equitable tolling has been permitted by federal courts "only sparingly." <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 96 (1990). The burden of establishing entitlement to this extraordinary remedy rests with the petitioner. <u>Drew v. Department of Corrections</u>, 297 F.3d 1278, 1286 (11th Cir. 2002).

On page 10, in paragraph 18 of the federal petition, Bostic argues that state and federal courts have held that a claim of lack of jurisdiction can be raised at any time, and therefore the one year limitation period of the AEDPA does not apply to the claim raised in this habeas corpus proceeding. Bostic's argument is without merit. Even if a claim of lack of a court's subject matter jurisdiction can by raised at any time, Bostic has not shown any extraordinary circumstances that prevented him from filing his federal petition within the one-year time limit. Accordingly, the § 2254 petition is untimely.

**THE PETITION FAILS RAISES ONLY STATE LAW ISSUES**

Bostic argues that the state trial court lacked jurisdiction to try or sentence him because he was not legally charged with a crime in the 1998 case, and the charging documents in the 1992 cases were defective. Bostic's ground presents a state law issue for which federal habeas corpus relief does not lie. Whether the charging document sufficiently alleged the elements of the crime is a state law matter. Federal relief is available to correct only constitutional injury. <u>Wainwright v. Goode</u>, 464 U.S. 78 (1983). Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the

Constitution, not to correct errors of fact.  Herrera v. Collins, 506 U.S. 390, 400 (1993).

Even when a petition which actually involves state law issues is "couched in terms of equal

protection and due process," this limitation on federal habeas corpus review is of equal

force. See Willeford v. Estelle, 538 F.2d 1194, 1196-98 (5th Cir. 1976). A violation of

Florida's jurisdictional mandates does not raise a federal constitutional issue for which

federal habeas relief may be granted. See Cook v. Morrill, 783 F.2d 593, 595-96 (5th Cir.

1986); Caudill v. Scott, 857 F.2d 344, 345-46 (6th Cir. 1988).

### FAILURE TO EXHAUST AND PROCEDURAL DEFAULT

Although Bostic has raised claims of lack of jurisdiction in both the 1992 and 1998

cases, he has either failed to appeal or voluntarily dismissed appeals from orders denying

those claims as procedurally barred or on their merits. In Florida, if the substance of a claim

is not presented on direct appeal, exhaustion requires both the filing of a Fla. R. Crim. P.

3.850 motion and an appeal of its denial to the Florida District Court of Appeal. Leonard v.

Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (exhaustion requires not only the filing of a

rule 3.850 motion, but also an appeal of its denial). By voluntarily dismissing his

postconviction appeals, the state courts were deprived of a "full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate

review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). See also, Rodwell v.

Singletary, 114 F.Supp.2d 1308, 1312 (M.D. Fla. 2000)(holding that failure to appeal denial

of claim raised in postconviction motion in Florida court resulted in a procedural default

(citing Farrell v. Lane  939 F.2d 409, 410 (7th Cir.), cert. denied, 502 U.S. 944 (1991);

Smith v. Jones, 923 F.2d 588 (8th Cir. 1991)(claims presented in postconviction motion and

not appealed were procedurally barred in subsequent habeas proceedings). Because of Bostic's own actions, the state district court of appeal did not reach the merits of his claims regarding the sufficiency of the charging documents and jurisdiction of the trial court, and this Court is also precluded from doing so.

Accordingly, the Court orders:

1. That Bostic's petition for writ of habeas corpus is denied, with prejudice. The Clerk is directed to enter judgment against Bostic and to close this case.

2. That Bostic's "motion to allow amend/correct petition" filed June 27, 2006, asking the Court to rule on the petition (Doc. No. 30) is denied as moot.

3. IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 5, 2006.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record

Charles Edward Bostic, Jr.